UNITED STATES *v.* CERTAIN DIAMONDS.

*(District Court, N. D. Illinois.* March 14, 1887.)

CUSTOMS DUTIES — FORFEITURE OF SMUGGLED GOODS — BONA FIDE PURCHASER.
In a proceeding to forfeit goods that have been smuggled into the United States, if it is shown that such goods were actually smuggled or brought in in fraud of the revenue laws, the government will be entitled to a decree of forfeiture under section 12 of the act of congress of June 22, 1874, notwithstanding the claimant of such goods purchased them in good faith and for full value, as section 16 of said act, requiring the submission to a jury of the distinct and separate proposition whether the alleged acts were done with an actual intention to defraud the government, and requiring a special finding of the jury as to such fact, only means that the forfeiture cannot be enforced without showing that the goods were willfully and intentionally imported in fraud of the revenue laws, and has no application to a *bona fide* purchaser to whom knowledge of their illicit character was not brought home.

*W. G. Ewing,* U. S. Dist. Atty., for the United States.
*P. L. Sherman,* for defendant.

BLODGETT, J. This is a proceeding by information to forfeit certain diamonds, on the grounds (1) that they were knowingly and willfully

smuggled and clandestinely introduced into the United States, without payment of duties, and with intent to defraud the revenue of the United States; (2) that, being dutiable articles of merchandise, they were knowingly imported and brought into the United States with intent to defraud the revenue thereof, without being passed through the proper custom-house, and without being submitted for examination to the proper officers of the revenue.

The diamonds in question were seized by the revenue officers of the United States at this port while in possession of one Jeremiah Monroe, and the proof shows that they were smuggled into the United States in 1885 by one Harriet Lloyd, who sold them to Monroe for what is stated to have been about their cash value. Monroe has appeared and intervened in this proceeding, and claimed the property; and the only question is whether a forfeiture can be imposed as against him.

The proof on the part of the government tends to show that Mrs. Lloyd told Monroe, before he bought the diamonds from her, that she had smuggled them into this country. This statement Monroe denies. I think the weight of the testimony is that Monroe knew, or at least had reasonable cause to believe, the goods were smuggled; but do not deem it necessary to decide the case on that point alone, as it is established by the proof, I think, beyond doubt, that the diamonds in question were in fact brought into this country in fraud of the revenue laws, and that fact is sufficient, as I construe section 12 of the act of June 22, 1874, usually called the "Moiety Act," to entitle the government to a decree of forfeiture, even if Monroe had purchased them in good faith, and paid full value, without notice or suspicion that they had been smuggled. *Caldwell* v. *U. S.*, 8 How. 366; *U. S.* v. *Auffmordt*, 19 Fed. Rep. 893.

The contention on the part of the claimant is that section 16 of the act of June 22, 1874, which requires the court, on the trial of any cause prosecuted to enforce or declare a forfeiture of goods, or recover the value thereof, to submit to a jury, as a distinct and separate proposition, whether the alleged acts were done with an actual intention to defraud the United States, and require a special finding of the jury as to such fact, protects the *bona fide* purchaser of smuggled goods, unless knowledge of their illicit character is brought home to such purchaser; but I do not so construe this section, and think the true meaning of it is only that the United States cannot enforce a forfeiture of smuggled property without showing that it was willfully and intentionally imported in fraud of the revenue laws; nor can they recover the value of the property as a penalty for the fraudulent importation from a wrong-doer, if they shall elect to sue for the value as a penalty, without such proofs; but in a suit for a forfeiture, which is a proceeding *in rem* against the smuggled goods, proof that some person who intervenes in his own interest, and claims to own them, bought them in good faith, without notice that they were fraudulently imported, cannot be allowed to defeat the suit.

A decree of forfeiture will be entered.